IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK D. MINNER, SR.,

       Petitioner,

v.                                                          CIV 02-1094 WJ/KBM

LANE BLAIR, Warden, et al.,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Frank Minner's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents answered and move to dismiss the petition. *See Docs. 9, 10.* Because he filed after the effective date of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards[1] apply to this case. *E.g., Paxton v. Ward,* 199 F.3d 1197, 1204 (10th Cir. 1999). All of the issues can be resolved on the record, such that an evidentiary hearing is unnecessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000); Rule 8(a), *Rules Governing Habeas Corpus Under Section 2254.* I find the petition without merit and recommend that it be denied.

A criminal information in CR 2000-170, filed June 8, 2000, charged Minner with

---

[1] Under AEDPA standards, a federal court cannot grant a writ of habeas corpus unless: (1) the state court decision is "contrary to, or involved an unreasonable application of . . . Supreme Court" precedent; or (2) is "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. §§ 2254(d)(1)-(2); *see also Williams v. Taylor,* 529 U.S.362 (2000); *Van Woudenberg v. Gibson,* 211 F.3d 560, 566 & n. 4 (10th Cir. 2000), *cert. denied,* 531 U.S. 1161 (2001).

possession of crack cocaine and drug paraphernalia on April 28, 2000. *Answer,* Exh. C.[2] On May 2, 2001 the prosecutor filed a supplemental criminal information listing three prior state convictions for receiving stolen property, forgery, and voluntary manslaughter. *Exh. D.* That same day, and represented by counsel, Petitioner entered a written plea agreement.

The agreement listed specific concurrent sentences for each count to be enhanced eight years for the above prior convictions "for a total sentence of Eight (8) years and One (1) day followed by One (1) year parole." *Exh. E,* ¶ 1. The agreement further specified and emphasized that "the following charges will be dismissed, or if not yet filed, shall be brought against Defendant: **None.**" *Id.,* ¶ 2 (emphasis original). Judgment was entered accordingly on August 21, 2001 *Exh. A.* The plea reserved Petitioner's right to appeal a suppression issue, and counsel did so, albeit unsuccessfully, ending with a denial of certiorari from the New Mexico Supreme Court on February 8, 2002. *See Exhs. I-O.*

An indictment in CR 2001-147, filed June 19, 2001, charged him with two counts of trafficking cocaine on May 2, 2000 and May 11, 2000, respectively. *Exh. F.* Minner, represented by the same attorney, again entered into a written plea agreement to both counts and admitted to being a habitual offender based on the supplemental criminal information which listed the same three prior convictions as well as the first plea. *Exhs. G, H.* The second plea agreement specified concurrent sentences of "Nine (9) years, followed by Two (2) years mandatory parole." *Exh. H,* ¶ 1. Six of the nine years were suspended for a total of three years incarceration. However, the agreement further specified and emphasized that the three-year sentence would be enhanced for his three prior convictions "**for a TOTAL SENTENCE OF ELEVEN (11) YEARS.**" *Id.,* ¶ 1

---

[2] Unless otherwise noted, all citations to exhibits are those attached to Respondents' Answer. *Doc. 9.*

(emphasis original). The agreement provided that Minner's sentence in CR 2001-147 would "run concurrent with the sentence in CR 2000-170." *Id.* Judgment was entered accordingly on November 7, 2001. *Exh. B.*

On July 2, 2002, Petitioner filed a *pro se* petition for state habeas corpus where he argued that: (1) because the indictment in the second case was pending at the time he entered his plea to the information, the charges in the indictment should have been dismissed; (2) he cannot receive a habitual offender enhancement for violation of New Mexico's controlled substances statute; and (3) the trial court erred in enhancing the second plea based on the charges in the first plea. *Exh. P.* The trial judge denied the writ summarily and the New Mexico Supreme Court denied certiorari on the same three issues on August 2, 2002. *See Exhs. Q-S.* He raises the same three issues in his federal petition filed August 29, 2002. *Doc. 1.*

All of Minner's claims are without merit for various reasons. The first plea agreement specifically stated that no charges would be dismissed as a result of the plea, so his first claim lacks merit. Petitioner's second claim misstates the law, since Minner can receive a habitual offender enhancement for drug offenses.[3] His related ineffective assistance of counsel claim, raised for the first time in his response to the motion to dismiss, is unexhausted and in any event without merit. *See* 28 U.S.C. § 445(b) (2) (unexhausted claims can be denied on merits); *see also Doc. 12* at 9. Counsel cannot be deemed ineffective for failing to argue that the habitual offender enhancements do not apply to controlled substances convictions. *See Strickland v. Washington,* 466 U.S. 668 (1984).

---

[3] *See* N.M. STAT. ANN. § 31-18-17(D) ("Any person convicted of a noncapital felony in this state whether within the Criminal Code or the Controlled Substances Act or not who has incurred three or more prior felony convictions . . . is a habitual offender and his basic sentence shall be increased by eight years, and the sentence imposed . . . shall not be suspended or deferred.") (now codified at § 31-18-17(C)).

The third claim is likewise unavailing. I will assume for the purposes of discussion that Petitioner is a first time offender for a trafficking offenses governed by the second plea.[4] As such, he was subject to nine years imprisonment for each count, or a total of eighteen years.[5] As a result of being a habitual offender, due to three felonies that preceded his first plea agreement, Petitioner was subject to additional eight-year penalties. Thus, in addition to the eight-year sentence he was serving under the first plea, he potentially faced, at the very least, an additional twenty-six years imprisonment on the trafficking charges. Instead of receiving the maximum sentence for his second plea, he received concurrent nine-year sentences with six years suspended. With an eight-year habitual offender enhancement added to the three years he was given, the entire sentence amounted to eleven years, In other words, compared to what he potentially faced for the trafficking charges, Petitioner received a sentence of less than half of the maximum sentence he potentially faced. Moreover, because the trafficking sentence ran concurrent to the possession sentence, Petitioner's second plea resulted in him serving only eleven years as opposed to nineteen years and one day. Needless to say, Petitioner benefitted greatly from his pleas.

Nevertheless, in his response to the motion to dismiss he argues for the first time that his first plea was involuntary, his attorney was ineffective, and he was denied due process, because the agreements did not mention the eight year enhancement. *See Doc.* 12 at 4-5. I find that assertion incredible in light of the plain language of the agreements quoted above. That his attorney persuaded him to plead guilty does not vitiate his admitted decisions to plead guilty.

---

[4] *See id.,* § 30-31-20(B)(1) (it is unlawful for any person to intentionally traffic. Any person who violates this subsection is . . . for the first offense, guilty of a second degree felony and shall be sentenced pursuant to the provisions of Section 31-18-15"); *see also Exh. F* (charging Petitioner with two counts of trafficking under § 30-31-20(A)).

[5] N.M. STAT. ANN. § 31-18-15(A)(3) ("for a second degree felony, nine years imprisonment).

Furthermore, FED. R. CRIM. P. 11 is not applicable to state proceedings.  *See Miles v. Dorsey,* 61 F.3d 1459, 1467, 1470 (10th Cir. 1995), *cert. denied,* 516 U.S. 1062 (1996); *see also Doc. 12* at 5 ("Petitioner agreed to and signed the written agreement").  Therefore, even though these claims are unexhausted, I also find them without merit.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Respondents' motion to dismiss *(Doc. 10)* be granted, the § 2254 petition denied, and this action dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

*/s/ Karen B Molzen*
UNITED STATES MAGISTRATE JUDGE